<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

**JERRY D. DEMAIO JR.,**

*Plaintiff,*

v.

**NANCY A. BERRYHILL,**
**Acting Commissioner of Social Security,**

*Defendant.*

**Civil Action No. 15-5187**

**OPINION**

---

**ARLEO, UNITED STATES DISTRICT JUDGE**

**THIS MATTER** comes before the Court on Plaintiff Jerry Demaio's ("Plaintiff") request

for review, pursuant to 42 U.S.C. §§ 1383(c)(3) and 405(g), of the Commissioner of Social

Security Administration's ("Commissioner") denial of supplemental security income benefits

("SSI") and disability insurance benefits ("Disability Benefits") to Plaintiff. For reasons set forth

below, the Commissioner of Social Security's ("Commissioner") decision is **AFFIRMED**.

**I.     APPLICABLE LAW**

   **A.  Standard of Review**

   The Court has jurisdiction to review the Commissioner's decision under 42 U.S.C.

§ 405(g). The Court must affirm the Commissioner's decision if there exists substantial evidence

to support the decision. 42 U.S.C. § 405(g); <u>Markle v. Barnhart</u>, 324 F.3d 182, 187 (3d Cir. 2003).

Substantial evidence, in turn, "means such relevant evidence as a reasonable mind might accept as

adequate." <u>Ventura v. Shalala</u>, 55 F.3d 900, 901 (3d Cir. 1995). In short, substantial evidence

consists of "more than a mere scintilla of evidence but may be less than a preponderance." <u>McCrea</u>

<u>v. Comm'r of Soc. Sec.</u>, 370 F.3d 357, 360 (3d Cir. 2004).

"[T]he substantial evidence standard is a deferential standard of review." Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004). Accordingly, the standard places a significant limit on the district court's scope of review; it prohibits the reviewing court from "weigh[ing] the evidence or substitut[ing] its conclusions for those of the fact-finder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992). Therefore, even if this Court would have decided the matter differently, it is bound by the Commissioner's findings of fact so long as they are supported by substantial evidence. Hagans v. Comm'r of Soc. Sec., 694 F.3d 287, 292 (3d Cir. 2012) (quoting Fargnoli v. Massanari, 247 F.3d 34, 35 (3d Cir. 2001)).

In determining whether there is substantial evidence to support the Commissioner's decision, the Court must consider: "(1) the objective medical facts; (2) the diagnoses of expert opinions of treating and examining physicians on subsidiary questions of fact; (3) subjective evidence of pain testified to by the claimant and corroborated by family and neighbors; and (4) the claimant's educational background, work history, and present age." Holley v. Colvin, 975 F. Supp. 2d 467, 475 (D.N.J. 2013), aff'd 590 F. App'x 167 (3d Cir. 2014).

## B. Five-Step Sequential Analysis

To determine a claimant's disability, the Commissioner must apply a five-step test. 20 C.F.R. § 404.1520(a)(4). Step one is to determine whether the claimant is currently engaging in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). "Substantial gainful activity" is defined as work activity, both physical and mental, that is typically performed for either profit or pay. 20 C.F.R. § 404.1572. If the claimant is found to be engaged in substantial gainful activity, then he or she is not disabled and the inquiry ends. Jones, 364 F.3d at 503. If it is determined that the claimant is not engaged in substantial gainful activity, the analysis moves on to the second step: whether the claimed impairment or combination of impairments is "severe." 20 C.F.R. §

404.1520(a)(4)(ii).  The regulations provide that an impairment or combination of impairments is severe only when it places a significant limit on the claimant's "physical or mental ability to do basic work activities."  20 C.F.R. § 404.1520(c).  If the claimed impairment or combination of impairments is not severe, the inquiry ends and benefits must be denied.  Id.; Ortega v. Comm'r of Soc. Sec., 232 F. App'x 194, 196 (3d Cir. 2007).

At the third step, the Commissioner must determine whether there is sufficient evidence showing that the claimant suffers from a listed impairment.  20 C.F.R. § 404.1520(a)(4)(iii).  If so, a disability is conclusively established and the claimant is entitled to benefits.  Jones, 364 F.3d at 503.  If not, the Commissioner, at step four, must ask whether the claimant has a "residual functional capacity" such that he is capable of performing past relevant work; if that question is answered in the affirmative, the claim for benefits must be denied.  Id.  Finally, if the claimant is unable to engage in past relevant work, the Commissioner must ask, at step five, "whether work exists in significant numbers in the national economy" that the claimant is capable of performing in light of "his medical impairments, age, education, past work experience, and 'residual functional capacity.'"  20 C.F.R. §§ 404.1520(a)(4)(iii)-(v); Jones, 364 F.3d at 503.  The claimant bears the burden of establishing steps one through four, while the burden of proof shifts to the Commissioner at step five.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

II.    BACKGROUND

A.  Procedural History

On June 11, 2010 Plaintiff Jerry Demaio filed an application for Disability Insurance Benefits ("DIB"), alleging a disability onset date of June 15, 2008.[1]  Tr. 169-70.  The application

---

[1] The parties do not dispute that the disability onset date began on or before his date last insured on December 31, 2011.  See Def.'s Br. at 2, n.1.

was initially denied on October 28, 2010, and on reconsideration on March 16, 2011. Tr. 94-98, 101-03. On March 23, 2011, Plaintiff filed a written request for a hearing, which was held on February 8, 2012, in Newark, New Jersey. Tr. 14. The ALJ issued a decision on May 17, 2012, finding that Plaintiff was not disabled as defined by the Act. Tr. 11-21. Upon appeal to the District Court, the case was remanded for further evaluation of Plaintiff's residual functional capacity, as well as to hold a de novo hearing and issue a new decision. Tr. 476-77.

Plaintiff protectively filed an application for Supplemental Security Income ("SSI") on September 18, 2013. Tr. 582. His SSI and DIB claims were then consolidated for the de novo hearing on February 4, 2015. Tr. 401-48. On March 25, 2015, the ALJ issued a decision finding that Plaintiff was not disabled from June 15, 2008 through his date last insured for DIB purposes, and not disabled from September 18, 2013 on for SSI purposes. Tr. 384-95. Plaintiff then filed the instant action on June 4, 2015. See Compl., ECF No. 1.

### B. Factual Background

Plaintiff is 51-year old man. Tr. 92. He has a high school education and last worked as a bus driver until 2008. Tr. 191, 407-08. He testified that he also worked as a fabric cutter for five years prior to becoming a bus driver. Tr. 408-09.

In June of 2010, when Plaintiff was 42 years old, he filed an SSI application, alleging disability due to muscle and ligament disorders, and osteoarthrosis. Tr. 92-93. According to Plaintiff, he was injured when he was attacked with a baseball bat in 2003 by a fellow employee, causing injury to his upper extremities, including shoulder, elbow and wrist. Tr. 307, 410-11. Plaintiff states that he could no longer work following the accident because he could no longer use his left arm to turn the steering wheel. Tr. 412. Plaintiff also complains of back pain that radiates

to his right leg and suffers from asthma.  Tr. 413-19.  Plaintiff has been prescribed a cane, inhaler, and pain medication for his ailments.  Tr. 420-23.

Plaintiff began treatment with his primary care physician, Dr. Deborah Metz, M.D., on August 13, 2008.  Tr. 680.  He reported pain in his legs and slight back pain when he was moving a stove a few days prior.  Id.  In November 2009, an MRI of Plaintiff's cervical spine showed a disc bulge at C6-C7, with mild central canal narrowing and no stenosis.  Tr. 279.  He has reported periodic back and neck pain to Dr. Metz from August 2011 through January 2014.  See Tr. 367, 827, 831.

During the relevant time period, Plaintiff has also sought treatment from consultative examiners, to whom he has reported back pain.  In August 2010, Plaintiff reported back pain to Mark Weber, M.D.  Tr. 307.  Dr. Weber found he had a 5/5 strength in his upper extremities and a normal gait.  Tr. 308.  In September 2010, Franky Merlin, M.D. also reported a normal gait, and Plaintiff's grip strength at 4/5 in the left hand and 5/5 in his right hand.  Tr. 314-15.  Plaintiff also reported to Dr. Merlin that he had been diagnosed with emphysema in 2006, but had not been hospitalized for it.  Tr. 314.  In December 2013, Plaintiff had a consultative examination with Alexander Hoffman, M.D., complaining of neck and back pain.  Tr. 807-08.  Dr. Hoffman noted that Plaintiff walked with a cane, good grip in his right hand, and a full range of motion in his wrists, elbows and shoulders.  Tr. 808.

At his most recent ALJ hearing, Plaintiff testified that he lives at home with his wife.  Tr. 423-24.  He shares his household chores with her and drives short distances of up to 25 minutes.  Tr. 423-25.

### C.  The ALJ's Decision

Following a February 4, 2015 hearing, the ALJ denied Plaintiff's claims. Tr. 387. In a March 25, 2015 decision, the ALJ found that Plaintiff met the insured status requirements through December 31, 2011, and had not engaged in substantial gainful activity since June 15, 2008, his alleged onset date. Tr. 389. The ALJ determined that Plaintiff has the following severe impairments: chronic obstructive pulmonary disorder (emphysema), left hand/arm impairment and a back impairment. Id. The ALJ concluded that Plaintiff's impairments, alone or in combination, did not meet or medically equal the severity of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). Tr. 390. He noted that Plaintiff's musculoskeletal disorder of the lumbar spine did not meet the Listings because it did not result in compromise of a nerve root or the spinal cord. Id. The ALJ subsequently found that the Plaintiff has the Residual Functional Capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b), "except that he cannot do overhead lifting with his left hand and can work in environments without undue concentration of dust, smoke, fumes or other pulmonary irritants." Id. In addition, the work cannot involve continual fine fingering with the left hand. Id.

The ALJ considered Plaintiff's subjective complaints in assessing his RFC, but found that his statements concerning the intensity, persistence, and limiting effects the alleged symptoms were not entirely credible. Tr. 391. The ALJ found that Plaintiff has past relevant semi-skilled work as a fabric cutter, bus driver and as a building superintendent, but concluded that Plaintiff could not perform his past relevant work in light of his physical limitations. Tr. 394. Relying on the testimony of the Vocational Expert who appeared at the hearing, the ALJ found that "the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." Tr. 395. Accordingly, the ALJ concluded that Plaintiff was

not disabled as defined by the Social Security Act, and denied Plaintiff's claims for SSI and DIB. Tr. 28.

## III.   ANALYSIS

Plaintiff argues that the RFC assessment is not supported by substantial evidence because the ALJ failed to consider all restrictions on Plaintiff's use of his left hand. Pl.'s Br. at 10, ECF No. 10. The Court disagrees.

### A.  The ALJ Performed a De Novo Review of the Matter

Plaintiff appears to argue that the ALJ's March 2015 decision was incorrect because it found an RFC of light work whereas the previous May 2012 opinion found that Plaintiff only had an RFC for sedentary work. Defendants argue that this is unavailing because Plaintiff's initial appeal was remanded for a de novo hearing. The Court agrees with Defendants.

In general, an ALJ decision vacated by the Appeals Council has no res judicata effect on a subsequent ALJ decision. See Wireman v. Comm'r of Soc. Sec., 60 F. App'x 570, 570 (6th Cir. 2003) (holding that an ALJ's decision on the merits of a disability application does not become final and binding if the Appeals Council vacates that decision and remands the matter for further proceedings); see also Lombardo v. Schweiker, 749 F.2d 565, 567 (9th Cir. 1984) (holding that a claimant "may not now claim that the decision of the first ALJ has a res judicata effect" upon remand). Therefore, the ALJ is expected to perform a de novo review on remand. A de novo determination is "an independent determination of a controversy that accords no deference to any prior resolution of the same controversy." United States v. Radatz, 447 U.S. 667, 690 (1980).

Here, Plaintiff's case was remanded at the Commissioner's request for a de novo hearing on June 19, 2014. Tr. 476-77. The Order for remand directed the ALJ to reconsider the RFC, with particular focus on plaintiff's manipulative limitations. Id. The ALJ did so.

In his second opinion, issued on March 25, 2015, the ALJ found that Plaintiff's capacity for light work was limited to "occasional, but not continual, fine fingering with the left hand." TR. 390. In reaching this conclusion, he considered Plaintiff's subjective complaints of chronic, severe lower back pain and diminished grip strength in his left hand. Tr. 391. The ALJ also considered Plaintiff's medical record with respect to decreased sensation in his left hand and diminished muscle and motor strength of the entire left upper extremity. Tr. 393.

Plaintiff argues that in contrast to the ALJ's first decision, his second did not sufficiently consider Dr. Weber's August 2010 assessment. Pl.'s Br. at 15-16. This is unavailing because the ALJ did consider Dr. Weber's assessment, citing to Exhibit 6F multiple times throughout the opinion. See Tr. 391-92. Moreover, the ALJ is not required to mention any particular medical assessment by name, or to even consider every piece of record evidence. See Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 203-04 (3d Cir. 2008). Accordingly, the ALJ did not err by conducting a de novo review of Plaintiff's case.

**B. The ALJ's Decision Is Supported by Substantial Evidence**

Plaintiff also contends that the ALJ failed to provide a "comprehensive and analytic" decision that articulated a "defensible, rational, evidentiary case" for his findings. Pl.'s Br. at 10. The Court disagrees.

Throughout, the ALJ provides well articulated reasons for his RFC assessment of a light range of work with environmental, left overhead lifting and fine fingering limitations. The ALJ explained his conclusion that "the medical evidence simply does not support this claimant's allegations." Tr. 392. For instance, the ALJ pointed to Plaintiff's complaints of chronic, severe lower back pain. Tr. 391. But, he noted, a March 2010 MRI indicated only a bulging disc at the L4-5 level with no evidence of focal disc herniation, spinal canal or neural foraminal stenosis. Tr.

391. The ALJ explained his reasons for according certain physicians' reports more weight than others. Specifically, he accorded the finding of non-disability by stage agency medical consultants great weight. Tr. 393. He noted that although these physicians were not Plaintiffs' treating doctors, their opinions "were not contradicted by any treating source shown to be familiar with SSA and occupational standards." Id. The ALJ therefore did not err for failure to explain his findings.

Plaintiff next argues that the ALJ should have accounted for additional left-hand manipulative limitations. But the ALJ explained why the record did not support such a finding. For instance, he noted that the December 2013 consultative exam by Dr. Hoffman demonstrated that although Plaintiff had undergone left wrist carpal tunnel surgery, he "currently had adequate grip strength." Tr. 391. The ALJ also acknowledged that although Plaintiff continued to complain of diminished handgrip and pain in the left wrist through 2014, "his most recent treatment record makes no reference to any shoulder impairments." Tr. 391-92. In addition, the ALJ noted Dr. Metz's October 10, 2013 medical report indicating Plaintiff's limitations regarding standing, sitting and lifting. Tr. 392. However, the ALJ indicated he gave Dr. Metz's report limited weight because updated MRIs showed only mild damage, and that Plaintiff's daily living activities did not support Dr. Metz's limitations.[2] Id.

---

[2] Plaintiff's vague assertion that the ALJ substituted his own lay opinion for that of a medical professional when assessing Plaintiff's RFC is unavailing for the same reasons as stated here. The ALJ properly considered Plaintiffs' various medical reports, noted the reasons he assigned different weight to the reports, and reached a decision. A claimant's RFC is a decision reserved for the ALJ, not a physician. See 20 C.F.R. §§ 404.1546(d); see also Nirka v. Colvin, No. 15-2409, 2016 WL 3077359, at *13, n.5 (M.D. Pa. June 1, 2016) ("To the extent Plaintiff infers that the RFC must be directly supported by a medical opinion, the Court agrees with Defendant that an ALJ is not required to base his RFC assessment on medical opinion because RFC is an administrative finding reserved to the ALJ.").

Lastly, Plaintiff appears to argue that the ALJ erred by finding that Plaintiff could perform light work despite his emphysema diagnosis. Pl.'s Br. at 16. This is unavailing because the ALJ's opinion demonstrates his consideration of Plaintiff's emphysema in his RFC assessment. The ALJ acknowledged that "the medical record reveals positive objective clinical findings with respect to [Plaintiff's] . . . emphysema" as well as "partially credible complaints of shortness of breath and chest tightness." Tr. 393. However, the ALJ also noted exams performed in 2010 that indicated normal breath sounds, clear lungs, and no respiratory distress. Tr. 392. He also cited to January 2014 records that showed his emphysema was stable and that he had no shortness of breath or wheezing. Id. The ALJ's RFC assessment noting that Plaintif could not work in environments with undue concentration of dust, smoke, fulmes or other pulmonary irritants, was therefore supported by substantial evidence.

## IV. CONCLUSION

Because the Court finds the ALJ's decision is supported by substantial evidence, the Commissioner's denial of disability benefits is **AFFIRMED.**

**Dated: October 13, 2017**

/s *Madeline Cox Arleo*_____
**HON. MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**